## HUMBLE OIL & REFINING CO. v. OOLEY.
### No. 939.

Court of Civil Appeals of Texas. Eastland. Jan. 22, 1932.

Rehearing Denied Feb. 19, 1932.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, and Cox & Hayden, of Abilene, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

HICKMAN, C. J.

This is a companion case to the case of Humble Oil & Refining Company v. D. C. Ooley et al (Tex. Civ. App.) 46 S.W.(2d) 1038, this day decided by this court. The judgment appealed from was in favor of appellee for $500, based upon findings of the jury in answer to special issues, one of which findings assessed the damages suffered by appellee for personal injuries sustained in the collision at $100, and another finding assessing the damages sustained to his automobile at $400. The judgment was for $500.

The questions involved in the companion case of the survival of a cause of action and of the admissibility of evidence under article 3716, R. S. 1925, are not in this case. All questions presented in this appeal, except two questions hereinafter to be discussed, are determined against appellant's contentions on the authority of our holdings in the companion case, and they will not be discussed.

The two questions here presented and not involved in the other case relate to the excessiveness of the judgment. It is claimed that the allowance of $100 for personal injuries was excessive. Appellee's testimony as to his injuries was as follows: "I got hurt in that wreck. I got three ribs broken. I did not receive any other injury that I know of. I have practically recovered from my in-

jury now. I am in pretty good condition. The doctor put an adhesive plaster on my side for those broken ribs. He bandaged me up. I was kept bandaged up that way for about two weeks. I suffered pain from that injury. I could hardly move for three or four weeks. I suffered pain all of the time. I suffered pain pretty much all of the time."

The mere recital of the evidence refutes appellant's contention. The amount of damages was not excessive, but, on the contrary, was extremely low for the injuries suffered.

■ On the question of the damage to the automobile, witness B. M. Stolz, service manager for the ·Dodge automobile dealers in Abilene, testified: "I know the reasonable market value of that car prior to the time it was injured. When I speak of the reasonable market value of it, I mean that value at Abilene, Texas. That car I would judge had a reasonable market value in its condition, at that time, of around $950.00. After the wreck, in my estimation, the car was worth between $350.00 and $400.00. The repair bill to put it back in condition would be $274.00, or approximately that. Whether or not a car that has been in a wreck ever has as much market value afterwards as before depends on the buyer. Usually they are pretty close observers. The fact that a car has been in a wreck depreciates the value of it."

This testimony well supported the finding of $400 as damages to the automobile, and the contention to the contrary is overruled.

There being no error disclosed, it is our order that the judgment of the trial court be affirmed.